NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4477
_____

UNITED STATES OF AMERICA

v.

STEVEN C. TANZOLA,

Appellant.
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 08-00724)
District Judge:  Honorable Berle M. Schiller
_____

Submitted Under Third Circuit LAR 34.1(a)
December 16, 2010
_____

Before:  SLOVITER, GREENAWAY, JR., and GREENBERG, Circuit Judges

(Opinion Filed:  March 7, 2011)
_____

OPINION
_____

GREENAWAY, JR., Circuit Judge

Appellant Steven C. Tanzola ("Tanzola") appeals his judgment of conviction,

entered on September 8, 2009, for possession of child pornography, in violation of 18

U.S.C. § 2252(a)(4)(B.)  Following his conviction, Tanzola was sentenced to 78 months

of imprisonment, followed by five years of supervised release, a $100 special assessment, and a $2,000 fine. Tanzola contends that his sentence was both procedurally and substantively unreasonable. For the following reasons, we will affirm the District Court's Judgment.

## I.    BACKGROUND

We write primarily for the benefit of the parties. We shall recount only the essential facts. On three separate dates, November 20, 2004, March 25, 2006, and May 11, 2006, Tanzola purchased subscriptions to a website identifying itself as "illegal CP." On January 14, 2008, a search warrant was executed at Tanzola's residence. A laptop, computer tower, external hard drive, and several recordable DVDs were seized. The computer tower and the external hard drive contained images of child pornography, as well as search terms and phrases indicating that Tanzola had conducted searches for child pornography. Five video clips and hundreds of images of child pornography were recovered from four recordable DVDs, and 322 images of explicit child pornography, including eight videos of sexually explicit conduct by minors were recovered from the external media.

On December 4, 2008, Tanzola was indicted in the Eastern District of Pennsylvania on one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Tanzola filed a motion to suppress the evidence recovered in the search, but the motion was denied. On April 6, 2009, Tanzola pled guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).

In its pre-sentence investigation report ("PSR"), the Probation Office determined that the base offense level under U.S.S.G. § 2G2.2(a)(1) was 18. Tanzola was subject to several enhancements, according to the calculations in the PSR: (1) a two-level enhancement because some of the images depicted prepubescent minors; (2) a four-level enhancement because some of the material portrayed sadistic or masochistic conduct or other depictions of violence; (3) a two-level enhancement because a computer was used to commit the offense; and (4) a five-level enhancement because the defendant possessed 600 or more images. (PSR ¶¶ 22-26.) Tanzola earned a three-level reduction for acceptance of responsibility. His total offense level amounted to 28. Tanzola had a criminal history category of I. His Guidelines range was 78 to 97 months.

On April 14, 2009, Tanzola was evaluated and tested by a forensic psychologist, Dr. Timothy P. Foley. Dr. Foley filed a report which was provided to the Court at sentencing. Dr. Foley concluded that Tanzola shows "no indications of pedophilic interests" and that "he presents a low risk of sexual misconduct." (J. App. Vol. II 122, J. App. Vol. III 170-71.) Dr. Foley opined that Tanzola, "having no history of contact offenses or other antisocial behaviors, appears to be amenable to outpatient treatment and supervision." (J. App. Vol. III 170-71.) Dr. Foley did agree with the government that the fact that Tanzola had made multiple purchases of subscriptions to child pornography sites showed an interest in child pornography.

The government argued that Dr. Foley's opinion that there was a low risk that Tanzola would commit a contact offense did not address Tanzola's risk of recidivism for the crime of possession of child pornography.[1]

At sentencing, Tanzola requested a below-Guidelines sentence based on Dr. Foley's report and testimony, and on several additional grounds.[2] Prior to the sentencing hearing, the government submitted sealed victim impact statements from one of the children depicted in the images and from that child's parents.

On September 3, 2009, after ruling on Tanzola's factual objections and hearing from Dr. Foley regarding his evaluation of Tanzola, the District Court adopted the factual information contained in the PSR and sentenced Tanzola to 78 months of imprisonment, followed by five years of supervised release and a special assessment of $100. Tanzola timely appeals.

## II.    JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

---

[1] Tanzola was never charged with a contact sexual offense.

[2] The other grounds are: (1) Tanzola's age and the low likelihood of recidivism as indicated by his age; (2) the nearly two year time span since his last known purchase of child pornography, further indicating his low risk of recidivism; (3) his history of clinical depression and anxiety, which contributed to his commission of the offense, and for which he is now receiving treatment; (4) his early and consistent acceptance of responsibility; (5) his various physical ailments, which will make prison especially severe for him; (6) the substantial civil consequences he will experience as a result of his conviction, including registration with the state police under the Sex Offender Notification Act; and (7) the undue severity of the child pornography Guidelines.

We review the District Court's sentencing decision under an abuse of discretion standard. Rita v. United States, 551 U.S. 338, 364 (2007) (citing United States v. Booker, 543 U.S. 220, 261 (2005)).

## III.   LEGAL STANDARD

District courts must follow a three-step process in determining an appropriate sentence. United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006). Courts must: (1) correctly calculate a defendant's sentence under the U.S. Sentencing Guidelines; (2) allow the parties to argue their positions relative to what they believe is an appropriate sentence; and (3) consider those arguments in light of the § 3553(a) factors. Id. The sentencing courts are statutorily required to state their reasons for imposing a sentence, although a comprehensive, detailed opinion is not required. Id. The court must provide an explanation that is sufficient to satisfy the appellate court that the district court considered the parties' argument, and had a reasoned basis for exercising its own decision-making authority. Id. District courts have discretion when sentencing and appellate review is limited to determining whether the sentence imposed is reasonable.

"The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc); see also United States v. Levinson, 543 F.3d 190, 195 (3d Cir. Del. 2008) ("Our responsibility on appellate review of a criminal sentence is limited yet important:  we are to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way.")

5

While reviewing courts may presume that a sentence within the advisory Guidelines is reasonable, it may not presume that a non-Guidelines sentence is unreasonable. Rita, 551 U.S. at 354-55. Appellate judges must still always defer to the sentencing judge's individualized sentencing determination. Id. at 351. "It is not the role of the appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence," except to the extent specifically directed by statute. Williams v. United States, 503 U.S. 193, 205 (1992) (quoting Solem v. Helm, 463 U.S. 277, 290 (1983)).

An appellate court's reasonableness review of a sentence has both procedural and substantive components. United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009). The procedural component requires the appellate court to ensure that the district court committed no significant procedural error, including failing to calculate (or improperly calculate) the U.S. Sentencing Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence, including an explanation for any deviation from the guidelines range. Id. A district court's "failure to consider § 3553(a) factors" can create a procedurally unreasonable sentence. Gall v. United States, 552 U.S. 38, 51 (2007).

The substantive component requires the appellate court to take into account the totality of the circumstances. United States v. Lychock, 578 F.3d 214, 218 (3d Cir. 2009). Although the appellate court considers the extent of any variance from the

6

advisory Guidelines range, it must also give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. Id. The substantive reasonableness of each sentence must be evaluated on its own terms, based on the reasons that the district court provided, in light of the particular facts and circumstances of that case. Tomko, 562 F.3d at 573. In looking at the totality of the circumstances, we determine whether a reasonable court would have applied the same sentence as the district court in this case.

## IV.   ANALYSIS

Tanzola contends that the District Court's sentence of 78 months was procedurally unreasonable, because it failed to meaningfully address his non-frivolous arguments for a below-Guidelines sentence. He also contends that the sentence was substantively unreasonable, given the nature and circumstances of his child pornography possession offense, and several other factors.

*Procedural Unreasonableness*

We review the District Court's analysis of Tanzola's case for procedural unreasonableness, and find that the District Court complied with the factors elucidated in Tomko. 562 F.3d at 567. Tanzola argues that the district court failed to meaningfully address any of the variance arguments that defense counsel made, but instead provided a rote recitation of the § 3553(a) sentencing factors. We disagree. First, the District Court did consider and reject all of Tanzola's arguments for leniency even though it did not address each argument individually. The District Court thoroughly considered the nature and characteristics of Tanzola's actions, as evidenced by its extensive questioning of Dr. Foley regarding his examination of Tanzola. (J. App. Vol. II 135-37). In fact, in an attempt to better understand Tanzola's actions, the District Court even went so far as to ask Dr. Foley "why does someone do this," referring to Tanzola's actions. (Id. at 135). The District Court also had a lengthy colloquy with Tanzola's counsel, acknowledging that it had read Tanzola's sentencing memorandum, and pointing out that the number of photographs (and videos) was not insignificant. The Court also noted its reliance on victim impact statements, reinforcing the fact that this was not a victimless crime.

The Court questioned Tanzola during his allocution at the sentencing hearing, and specifically stated that "the sentence also will reflect the testimony that occurred at this sentencing hearing from the doctor, and from your [Tanzola's] comments and answers to my questions." (J. App. Vol. II 157). The Court also noted that Tanzola met with Dr. Foley twice, for a total of eight hours. The Court stipulated that Tanzola participated in a

8

mental health program for evaluation and/or treatment as approved by the Court, after receiving a recommendation by the U.S. Probation Office, and directed Tanzola to remain in treatment until he is satisfactorily discharged with the approval of the Court. (Id. at 159). The Court also recommended that Tanzola be placed in a medical facility that could provide him with appropriate medical care. (Id. at 161).

The District Court recognized and discussed the §3553(a) factors for consideration in sentencing Tanzola, stating, "In reaching the sentence, I have considered all the factors enumerated in Title 18 § 3553(a) of the United States Code." (Id. at 157).

Tanzola relies on United States v. Olhovsky, 562 F.3d 530 (3d Cir. 2009) to support his contention of procedural unreasonableness. However, Olhovsky provides Tanzola with no solace. The facts of Tanzola's case differ from those of Olhovsky, and we find that Tanzola's dependence on Olhovsky regarding its claim of procedural unreasonableness is, at best, misplaced. Tanzola is a 60 year-old male, with no prior criminal record. Following Tanzola's arrest, he was evaluated and tested by Dr. Timothy P. Foley, a forensic psychologist, for six and a half hours on April 14, 2009 and an additional hour and a half on July 23, 2009.

In Olhovsky, an 18 year old male was convicted of possessing child pornography, in violation of 18 U.S.C. § 2252A (a)(4)(B), and sentenced to six years of imprisonment. Prior to sentencing, Olhovsky participated in mental health counseling arranged by Probation and Pretrial Services. During the almost two years that passed before Olhovsky was sentenced, he continued in counseling and therapy, including regular meetings with

9

Dr. Howard Silverman, a psychologist specializing in the treatment of sex offenders. At sentencing, Olhovsky argued that the sentence imposed was unreasonable and that the sentencing court erred as a matter of law in refusing to allow his treating psychologist to testify at the sentencing hearing.

In Olhovsky, we held that the sentence handed down by the district court was procedurally unreasonable, vacated the sentencing decision and remanded the case with instructions for the district court to impose a reasonable sentence based upon all of the 18 U.S.C. § 3553(a) factors. Id. We found that the district court based its sentence "exclusively on the nature of the offense" and failed to consider "the history and characteristics of the offender." Id. at 549. We have held that "the record must show a true, considered exercise of discretion on the part of a district court, including a recognition of, and response to, the parties' non-frivolous arguments." Id. at 546. (internal citations omitted) We held that it was not apparent whether the court actually considered the lengthy, very specific and highly positive reports of any of the three defense experts. Id. at 547. "A rote statement of the §3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." Id.

The Olhovsky court appeared to focus instead on incapacitation, deterrence and punishment, "to the exclusion of other sentencing factors," including the individual offender himself. Id. The sentence imposed was based on the district court's incorrect

10

interpretation of the facts. As we have stated, "there was clearly nothing frivolous about defense counsel's argument that Olhovsky was not a typical offender, nor counsel's suggestion that his crime did not fall within the minerun of cases the Guidelines are intended to address." Id. at 552.

Tanzola also contends that the District Court did not address his claim that the child pornography guidelines are not based on empirical data and thus are unduly severe.[3] In its November 5, 2010 28(j) letter to this Court, the government directed our attention to U.S. v. Grober, 624 F.3d 592 (3d Cir. 2010), where we addressed U.S.S.G. § 2G2.2, concerning child pornography offenses. (Appellee's 28(j) letter.) Grober presented the issue of "whether the district court committed numerous procedural errors when it categorically rejected § 2G.2.2 without adequately addressing the government's well-supported arguments about the rationales of Congress and the Sentencing Commission." Id. at 20. We affirmed the district court's sentence of 60 months, holding that it was not an abuse of discretion for the district court not to apply the Guidelines range recommended by § 2G2.2, and emphasized that we do not hold that § 2G2.2 would "always recommend an unreasonable sentence, and district courts had to continue to consider the applicable Guidelines range." Id. at 45. In Grober, we found that the district court provided a sufficiently compelling justification for not applying the sentencing range recommended by § 2G2.2.

---

[3] The government conceded that the District Court did not expressly address this particular claim. (Appellee's Br. at 24).

In Tanzola's November 8, 2010 28(j) response letter, he argued that, under Grober, "this case should be remanded for resentencing given the district court's undisputed failure to respond to Mr. Tanzola's argument for a downward variance on the basis of the undue severity of U.S.S.G. § 2G2.2." We disagree.

We have held that a district court is not required to engage in "independent analysis" of the empirical justifications and deliberative undertakings that led to a particular Guideline. United States v. Lopez-Reyes, 589 F.3d 667, 671 (3d Cir. 2009). We find that, similar to the actions of the District Court in Grober, the District Court here addressed the § 2G2.2 sentencing range. In Grober, the District Court explained why it found § 2G2.2 flawed, why it declined to apply the Guidelines range recommended by § 2G2.2, and why it "varied from the recommended sentencing range to the ultimate sentence it imposed." We found the court's explanation "sufficiently compelling and well-grounded in the § 3553(a) factors, to justify its decision." 624 F.3d at 43-44.

Similarly, the District Court in Tanzola's case, while not going into a detailed explanation regarding § 2G2.2, stated "I have consulted the sentencing guidelines and the specific sentencing range that those guidelines recommend . . ." (J. App. Vol. II 157). The District Court also considered the §3553(a) factors, and discussed them to this Court's satisfaction. (Id.) We have not stated that a district court must explain in great detail its reasons for rejecting the sentencing Guidelines range under § 2G2.2; however, we have stated that "if a district court does not in fact have a policy disagreement with § 2G2.2, it is not obligated to vary on this basis." Gunter, 462 F.3d at 249. Therefore, we

12

hold that the District Court did not commit procedural error, as argued by Tanzola, because it did comment on the Guidelines range under § 2G2.2. We find that, as indicated by the record, the District Court did address Tanzola's arguments for a downward variance; thus, the sentence imposed was not procedurally unreasonable.

*Substantive Unreasonableness*

Next, Tanzola argues that the sentence of 78 months of imprisonment was substantively unreasonable. Specifically, he argues that the District Court did not "meaningfully" address his arguments, but merely "recited some of the § 3553(a) factors, said that some of counsel's arguments had been considered and then declared a sentence." (Appellant's Br. at 16). Tanzola requests that this Court remand so the District Court can address Tanzola's grounds for a variance. (Id.) Tanzola also argues that the child pornography Guidelines are eccentric and can easily generate unreasonable results.

This argument is similar to the § 2G2.2 sentencing range argument discussed above. As such, we decline to address the issue of the severity of the child pornography Guidelines in general, and instead focus on the totality of the circumstances. In addition, the "possible eccentricity" of the Guidelines, as Tanzola quips, is not relevant to our determination of substantive reasonableness.

Tanzola specifically relies on this Court's holding in Olhovsky, as he did in arguing procedural unreasonableness; i.e., did the District Court take into account factors he listed in his procedural unreasonableness argument. The totality of the circumstances

13

analysis applied in the context of substantive unreasonableness leads us to conclude that the sentence was sound.

First, as noted earlier, the District Court considered all of Tanzola's arguments. We have held that sentencing courts need not discuss each of the § 3553(a) factors "if the record makes clear the court took the factors into account in sentencing." United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006). Here, the District Court stated that it had considered all of the § 3553(a) factors, including the sentencing guidelines and the specific sentencing range recommended. Second, the Court further stated that the sentence imposed "will reflect the seriousness of [Tanzola's] offense, it will provide adequate deterrence to criminal conduct." (Id.) Finally, the District Court stated that "the sentence also will reflect the testimony that occurred at this sentencing hearing from the doctor, and from [Tanzola's] comments, and answers to [the judge's] questions." (Id.) Therefore, given that the District Court did examine the totality of the circumstances in sentencing Tanzola, the sentence was substantively reasonable.

Although Tanzola persists in comparing the facts of his case to those in Olhovsky, they are vastly different. The only fact these two cases seem to have in common is that both defendants were charged with possession of child pornography. Olhovsky was a barely 18 year old dysfunctional male. After he was arrested, he was placed under the care of a treating psychologist for more than two years - - before sentencing. Tanzola is a 60 year old male who began his involvement with child pornography well into his

14

adulthood. His relationship with his psychologist was short-lived and clearly preparatory for sentencing - - 8 hours.

Further, the mental health issues and emotional concerns as between Olhovsky and Tanzola are very different. Olhovsky was described as someone with the maturity level of a 14 or 15 year old. Tanzola is an adult male, married with a family and with the ability to have gainful employment, who exhibited no deficit in maturity. In Olhovsky, the Court found that the district court erred by failing to consider the history and characteristics of the offender, and by basing its sentence exclusively on the nature of the offense. In the present case, the District Court considered Tanzola's characteristics, the nature of the offense, and the remaining § 3553(a) factors in arriving at an appropriate sentence. Olhovsky does not carry the day for Tanzola.

## V. CONCLUSION

Based on our review, the District Court's sentence of Tanzola to 78 months of imprisonment was both procedurally and substantively reasonable, given the facts and the totality of the circumstances, as indicated in the record. For the foregoing reasons, we will affirm the District Court's order and judgment of conviction entered on September 8, 2009.